## No. 8760.

### LEON LAVEDAN VS. F. F. TRINCHARD.

The settled practice is to consider the surety to the injunction bond a party to the appeal without mention of,him in the motion for appeal if his principal be appellant, and without citing him if the appeal is by petition, his principal being appellee.

Where the government, in the Act of Congress confirming a title to land, makes special reservation of the rights of all parties then claiming an interest therein, such parties are remitted to the State courts for the litigation of their claims.

The holder of a patent with such reservation will be considered as plaintiff in a petitory action against adverse claimants, whatever be the form in which he makes the attack, and must therefore recover on the strength of his own title.

A proceeding by seizure and sale of land in the possession of third parties for more than thirty years, cannot have the effect of forcing them to assume the attitude of plaintiffs in a petitory action. Their position is that of defendants in such a suit. Until a better title be shown and recognized contradictorily with them, they can securely rely on their possession.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

*E. T. Florance* and *H. C. Miller* for Plaintiff and Defendant, Appellees.

*Jas. D. Augustin* for Opponents and Appellees.

The opinion of the Court was delivered by

MANNING, J. The real object of this suit is to interpose judicial proceedings to bolster up a claim upon a small tract of land about twenty-four miles above this city. It is thinly disguised under the device of foreclosing a mortgage between parties, who have gone through certain notarial forms as a basis for their pretensions.

The tract has one hundred and twenty 26–100 acres, and is and has been long in the possession of the Gassens, third opponents. Emile St. Amand obtained a patent for it from the United States June 1, 1878, and executed a notarial sale of it to F. F. Trinchard a month afterwards for $3,000, of which one-third was said to have been cash, and two notes were executed for the residue. When the second note matured, the plaintiff Lavedan produced them, claimed to be owner of them, and obtained an order of seizure and sale of the land.

None of these parties had ever been in possession of the land. Jean Baptiste Gassen and two others found the property, of which they and their authors had been in possession more than thirty years, advertised for sale under process issuing in a suit of which they knew nothing. They injoined the sale.

The land is a part of the section bought by Baptiste St. Amand from the United States in November, 1830, from whom the opponents derive title through mesne conveyances. They and their authors occu-

Lavedan vs. Trinchard.

pied it, their boundary lines including the lots or parts seized by the plaintiff. These lots are a part also of the Paul Toup claim, which came before this Court in Lanfear vs. Harper, 15 Ann. 548, and was declared by the U. S. Supreme Court to have been only conditionally confirmed to Toup's children, special reservation being made in the Act of Congress of August 18, 1856, of the right of any person, then settled upon the land, to maintain an action therefor. The proviso in the Act is that the confirmation " shall only be construed as a relinquishment of title on the part of the United States, and shall not affect the rights of any third persons claiming title either under adverse title or as preëmptors." Lanfear vs. Humley, 4 Wall. 204.

There can therefore be no question of prescription against the government in the case. The government as long ago as 1856 abandoned all claim to the land, and would not unconditionally confirm Toup's claim, the origin of which was in 1796, but left the question of location or boundary to be adjusted by the State courts. The confirmation was founded upon a survey of one Haucke, and the State court decided Haucke's location of the claim to be wrongful.

The plaintiff endeavors to put the opponents in the attitude of plaintiffs in a petitory action, but their position is that of defendants *quoad* the demand for the land, and they may rely securely on their continuous and undisputed possession until a better title be shewn. That has not been done by the plaintiff or defendant, who appear to be of one mind in this suit. The United States relinquished all title to the land twenty-two years before Emile St. Amand obtained his patent, and he therefore acquired nothing, sold nothing to the defendant, and could transfer no rights of mortgage to the plaintiff.

There is a motion to dismiss, on the ground that the surety to the injunction bond has not appealed, which is refused. It is identical with the like motion in Tilton vs. Vignes, 33 Ann. 240. The settled practice is to consider the surety in injunction as a party without citing him, or mention of him in motion of appeal. Matta vs. Gayle, 10 Ann. 347.

It is therefore ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favor of J. B. Gassen and the other opponents, maintaining and perpetuating their injunction, and that they also have and recover of the plaintiff the costs of their opposition and injunction in the lower court, and the costs of this appeal.

---

## ON APPLICATION FOR A REHEARING.

BERMUDEZ, C. J. The cause of alarm on which this application

seems to rest is, that in the judgment rendered we have passed on the titles involved.

We have done no such thing. We have merely held, that the position of the opponents is that of defendants in a petitory action, and that they can securely rely on their possession until a better title be shown. We passed simply on a question of form.

" This leaves the door open for those concerned to institute proper proceedings to revendicate the property and thus have their title declared superior, if such, to that which opponents may assert to it.

Application refused.